PASSAIC COUNTY CIRCUIT COURT.

ANDREJ SIMKO, JAN TOMECK, STEFAN DVORSCHAK, ALEXANDER FORAJ, JAN CHVOSTAK, MICHAEL KOCKA, STEPHEN LIPTAK, JOZEF POLSA, MICHAEL BEZEG, JOHN KASSAI, JAN GIRA, MICHAEL KADILYAK, JOHN DERZAK AND MICHAEL AJCH, PLAINTIFFS, v. FIRST CATHOLIC SLOVAK UNION OF UNITED STATES OF AMERICA, DEFENDANT.

For the plaintiffs, *Feder & Rinzler.*

For the defendant, *Weinberger & Weinberger.*

PORTER, J. It appears that the defendant expelled from its membership a number of its members, a large number of whom claim to have been improperly expelled from the society and who have brought suits in this court for consequent damages. Under the by-laws of the defendant, its members are required to be members in good standing of the Roman Catholic Church, and to conform to many rules relating to the observance of certain religious practices of that faith.

The plaintiffs allege that they were members of the defendant society in good standing and were illegally and wrongfully expelled.

The complaint sets forth a cause of action, giving names, dates and all necessary allegations. The answer filed denies these allegations.

The nature of the interrogatories is to ascertain whether the plaintiffs have in fact complied with the various provisions of the by-laws, thus clearly seeking information of justification for its action in expelling plaintiffs from its membership. Some of the information it seeks is, of course, solely within the knowledge of the plaintiffs, as, for instance, whether he received certain sacraments of the church on certain religious festivals. But it is not the province of interrogatories to seek evidence to justify the defense but rather to ascertain the basis of the action. If the plaintiffs were expelled for non-compliance with the by-laws, that is a matter of defense, and if the defendant has no evidence to substantiate its expulsion of the plaintiffs on that ground, it cannot by interrogatories compel the plaintiffs to furnish it such proof. The defendant argues that it is entitled to have this question answered, else how is it to know whether the members did in fact comply or not with this particular by-law. It may be true that many of the by-laws requiring the members to do certain things, or to abstain from doing others, may be such that no one but the member himself may know whether or not he has violated same. If so, that fact was known to the defendant when same were adopted; and if the defendant is embarrassed now by reason thereof, it cannot complain because of the impracticability of such by-laws. And so, if the defendant expels a member on the theory that he must have or may have violated one or more of the provisions of the by-laws, it does so at its peril, if it in fact has no knowledge of the facts. Certainly, after expelling a member, it cannot by interrogatories ask the expelled member to prove its case by admitting the violation of by-laws.

Presumably the members were expelled for known violations of the rules, non-payment of dues or some other act within the knowledge of the defendant, hence the answer denying the allegations of the complaint. If so, there being

a complete defense to the action, no further information should be needed by the defendant. If, on the other hand, the defendant acted without knowledge of the violation of any by-law arbitrarily and without justification, it is not the duty of the court, under the rules of practice, to allow it to pry into the plaintiffs' case, as it seems to me clearly it is seeking to do in this case in most of the questions asked. The other questions are also improper, because the answers are within the knowledge of the defendant himself.

The motion to strike is granted.